**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 1 1 2010

JAMES N. HADTEN CLERK
By: _____ White
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| SHELBY HUNT, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | **1:10.CV-1418** |
| v. ) | |
| ) | |
| SYDELL, INC. d/b/a/ SPA SYDELL, ) | JURY TRIAL DEMANDED |
| and REINA BERMUDEZ, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

### COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Shelby Hunt (hereinafter "Plaintiff" or "Ms. Hunt"), by and through her undersigned counsel, and files this Complaint for Damages against Defendants, Sydell, Inc. (hereinafter "the Company") and Reina Bermudez (hereinafter "Bermudez") (collectively, "Defendants"), and shows the Court as follows:

### JURISDICTION AND VENUE

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended, 29 USC § 201 *et seq.* (hereinafter "FLSA"), to recover unpaid federally mandated overtime wages to Plaintiff, and an additional equal amount as liquidated

-1-

damages, and reasonable attorneys' fees and costs; as well as damages for

Defendants' violations of the FLSA anti-retaliatory provisions under Section

15(a)(3) of the FLSA, 29 USC § 215(a)(3).  In addition, Plaintiff brings this action

for Defendants' violation of the Family and Medical Leave Act of 1993

(hereinafter "FMLA"), 29 USC § 2601 *et seq*.

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 USC §§ 1331

and 1337, and 29 USC § 216(b) of the FLSA and 28 USC § 1343(4).

3.

In accordance with 28 U.S.C. § 1391 and 29 USC § 216(b), venue is

appropriate in this Court as Defendant's registered agent is located in the Northern

District of Georgia.

**PARTIES**

4.

Plaintiff is a female citizen of the United States of America and a resident of

the State of Georgia, residing at 2128 Adderbury Lane, Smyrna, Georgia and is

subject to the jurisdiction of this Court.

5.

Plaintiff was an "employee" of Defendants as defined under FLSA § 3(e), 29 USC § 203(e).

6.

During her employment with Defendants, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid an overtime wage differential.

7.

Defendant Bermudez is the CFO/COO of Sydell, Inc. Defendant Bermudez was responsible for more than one spa location and was a decision-maker as to Plaintiff's compensation, Plaintiff's job duties, and the termination of Plaintiff's employment. Defendant Bermudez works both directly and indirectly in the interest of Sydell, Inc. and was in a supervisory position over Plaintiff.

8.

Defendant Bermudez can be served with process by delivering a copy of the Summons and Complaint to her attorney of record, who has agreed to accept service on her behalf, Danielle Berry, 1325 Satellite Boulevard, Suite 1603, Suwanee, Georgia 30024.

9.

Defendant Sydell is a qualified and licensed organization in Georgia that is entitled to do business in Georgia, and is engaged in interstate commerce, with its gross revenues exceeding $500,000 per year.

10.

Defendant Sydell is an "enterprise engaged in commerce or in the production of goods for commerce" within the definition of FLSA § 3(r) and (s), 29 USC § 203(r) and (s).

11.

Defendant Sydell, at all relevant times hereto, has employed more than the requisite number of persons for the requisite duration under the FMLA to be considered a "covered employer" as defined by the FMLA, 29 U.S.C. § 2601 *et seq*.

12.

Defendant Sydell filed a voluntary petition for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Northern District of Georgia on September 3, 2009. Thus, all claims asserted against Defendant Sydell herein are post petition claims for the period September 4, 2009 until February 1, 2010. Additionally, Plaintiff is filing a Proof of Claim for the unpaid overtime wages against

-4-

Defendant Sydell for the period March 3, 2008 until September 3, 2009 in the
United States Bankruptcy Court.

13.

Defendant Sydell may be served with process by delivering a copy of the
Summons and Complaint to its attorney of record, who has agreed to accept
service on the Company's behalf, Danielle Berry, 1325 Satellite Boulevard, Suite
1603, Suwanee, Georgia 30024.

14.

Defendant Sydell and Defendant Bermudez are "employers" within the
definition of the FLSA § 3(d), 29 USC § 203(d).  Defendants are governed by and
subject to FLSA § 4 and § 7, 29 USC § 204 and § 207.

15.

At the time Plaintiff reported having taken a medical leave of absence from
January 1, 2009 until February 1, 2009, Plaintiff was an "eligible employee" under
the FMLA and entitled to its protection.

## **FACTUAL ALLEGATIONS**

16.

Defendants hired Plaintiff on March 3, 2008 as Payroll Manager.  Her duties
included processing payroll for the Company, running background checks on

-5-

employees, editing time reports, issuing paychecks, paying child support, posting payroll, and uploading 401(k) data into bank accounts.  Her starting salary was $45,000.00.

17.

Plaintiff reported directly to Defendant Bermudez.

18.

In September 2008, Defendant Bermudez gave Plaintiff another title in addition to Payroll Manager-IT Systems Administrator.  Her new duties included computer data entry and running reports.  In addition, she received a raise.  Her new salary was $47,000.00.

19.

While Plaintiff was Payroll Manager, she often worked over forty (40) hours every week.  After she assumed the new job responsibilities of IT Administrator, she worked even more overtime hours every week.  In fact, Plaintiff often worked Saturdays to keep up with all of her job responsibilities.  She also ate lunch at her desk.  Despite working over forty (40) hours every week, she was not compensated for any overtime work.  Plaintiff complained on several occasions that her position should not be classified as exempt from the overtime requirements of the FLSA.

-6-

20.

In or around May 2009, Plaintiff trained John Wetmore on the IT

Administrator position. Mr. Wetmore assumed the IT Administrator position

completely. Thus, Plaintiff's position was returned to Payroll Manager.

21.

In August 2009, the Department of Labor performed an audit on Defendant

Sydell regarding its wage and hour practices. Plaintiff was instructed to tell the

Department of Labor that she did not work overtime hours or else lose her job.

22.

On September 3, 2009, Defendant Sydell filed a voluntary petition for

bankruptcy under Chapter 11.

23.

In November 2009, Plaintiff informed Defendant Bermudez that she had to

have surgery. The surgery was originally scheduled for December, but it was later

moved to January 2010. Plaintiff obtained approval for FMLA leave. Plaintiff

was out on FMLA leave from January 1, 2010 until February 1, 2010.

24.

Before Plaintiff went out on FMLA leave, she trained Cindi Eberhart on

payroll management. Ms. Eberhart performed Plaintiff's job duties while she was

-7-

on FMLA leave. In addition, Defendants hired a new employee to be Ms. Eberhart's assistant.

25.

On Friday, January 29, 2010, Defendant Bermudez called Plaintiff and asked when she was returning back to work. Plaintiff told her February 1, 2010 and asked Defendant Bermudez why she was asking. Bermudez responded by telling Plaintiff that the Company had to move the corporate office and she was looking for another space. Bermudez then told Plaintiff she would see her on Monday and would fill her in on everything going on with the Company.

26.

On Monday, February 1, 2010, Plaintiff returned to work. Ms. Eberhart was packing boxes when Plaintiff arrived. Ms. Eberhart handed Plaintiff a letter dated February 1, 2010 (hereinafter "Severance Letter"). Ms. Eberhart told Plaintiff that Defendant Bermudez said the Company had eliminated Plaintiff's position. A copy of the Severance Letter is attached hereto as Exhibit A.

27.

The Severance Letter stated that the Company had eliminated Plaintiff's position and offered her two weeks severance pay. In order for Plaintiff to receive the severance, the Company wanted her to sign a release of all potential claims.

-8-

28.

After reading the Severance Letter, Plaintiff called Defendant Bermudez and asked if they could meet to discuss why the Company was eliminating her job as Payroll Manager.  Bermudez told Plaintiff that Ms. Eberhart had absorbed Plaintiff's position and that a decision had been made to eliminate Plaintiff's position for budgetary reasons.

29.

Defendants told the Georgia Department of Labor that Plaintiff's position had been eliminated, when in fact Ms. Eberhart and Mr. Wetmore are performing Plaintiff's previous job duties and Defendants hired an assistant for Ms. Eberhart.

30.

During Plaintiff's employment with Defendants, Plaintiff did not have any authority to make any business decisions independent of the approval of her supervisor.

31.

During Plaintiff's employment with Defendants, Plaintiff had no authority to formulate, affect, interpret or implement management policies or operating practices.

32.

During Plaintiff's employment with Defendants, Plaintiff followed standard policies and procedures and had no authority to deviate from them without prior approval.

33.

During Plaintiff's employment with Defendants, Plaintiff had no authority to negotiate with external entities on behalf of the Company.

34.

During Plaintiff's employment with Defendants, Plaintiff was not paid the overtime wage differential required by FLSA § 7, 29 USC § 207, on the occasions Plaintiff worked over forty (40) hours in a workweek.

**COUNT ONE**
**VIOLATION OF THE OVERTIME PROVISIONS**
**OF THE FAIR LABOR STANDARDS ACT**

35.

During the period from March 2008 until January 2010, Defendant Bermudez willfully employed Plaintiff in the aforesaid enterprise for workweeks longer than forty (40) hours and failed to compensate her in excess of forty (40) hours per week at a rate of at least one and one half times her regular rate at which she was employed, contrary to § 7 of the FLSA, 29 USC § 207.

36.

During the period from September 4, 2009 until January 2010, Defendant Sydell willfully employed Plaintiff in the aforesaid enterprise for workweeks longer than forty (40) hours and failed to compensate her in excess of forty (40) hours per week at a rate of at least one and one half times her regular rate at which she was employed, contrary to § 7 of the FLSA, 29 USC § 207.

37.

Pursuant to FLSA § 16, 29 USC § 216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, the costs of this litigation, and any other damages to which Plaintiff is entitled under law.

## COUNT TWO
## VIOLATION OF THE ANTI-RETALIATION PROVISIONS
## OF THE FAIR LABOR STANDARDS ACT

38.

Defendants have repeatedly and willfully violated Section 15(a)(3) of the FLSA, 29 USC § 215(a)(3), by retaliating against Plaintiff for asserting her rights under the FLSA.

39.

Plaintiff complained to Defendants about being incorrectly labeled as "exempt".

40.

Additionally, before the Department of Labor investigation into the Company's wage and hour violations, Defendant Bermudez ordered Plaintiff not to tell the investigator she worked overtime or she would be terminated.

41.

Defendant treated Plaintiff differently and terminated Plaintiff's employment with a retaliatory motive after Plaintiff complained that she was not being compensated properly.

42.

In retaliating against Plaintiff for asserting her rights under the FLSA, Defendant has caused Plaintiff pecuniary losses as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## COUNT THREE
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

43.

At the time Plaintiff took medical leave for surgery, Plaintiff was qualified and eligible for a leave of absence for her own serious health condition.

44.

In taking medical leave for the serious health condition of surgery, Plaintiff engaged in conduct protected under the FMLA, entitling her to all appropriate relief under that statute.

45.

Plaintiff had been employed by Defendants for longer than 12 months prior to taking the January 2010 medical leave of absence and worked at least 1,250 hours of service for Defendants during the 12 months preceding her January 2010 medical leave of absence.

46.

At the time Plaintiff returned to work after taking medical leave, she was entitled under the FMLA to reinstatement to the same or a similar position.

47.

In terminating Plaintiff's employment upon her return from medical leave, Defendants interfered with Plaintiff's rights protected under the FMLA in violation

-13-

of the FMLA.

48.

In terminating Plaintiff's employment upon her return from medical leave, Defendants retaliated against Plaintiff for the exercise of protected conduct under the FMLA in violation of the FMLA.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)    Grant Plaintiff a trial by jury as to all Counts in the Complaint;

(b)    Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, § 7, 29 USC § 207, FLSA § 6(d), 29 USC § 206(d), liquidated damages as provided by FLSA § 216, 29 USC § 216, pre-judgment interest on unpaid wages pursuant to FLSA § 16, 29 USC § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16, 29 USC § 216, and all other remedies allowed under the FLSA, including but not limited to punitive damages should they be permitted;

(c)    Enter judgment awarding Plaintiff lost wages, an equal amount as liquidated damages, compensatory damages, attorneys' fees, costs, and all other remedies allowed under FLSA for Defendants'

-14-

retaliation against Plaintiff for asserting her rights under the FLSA, including punitive damages should they be permitted;

(d)     Enter judgment awarding Plaintiff back wages, liquidated damages, compensatory damages, and the costs of litigation including reasonable attorneys' fees, reinstatement and/or front pay, and all other remedies allowed under the FMLA;

(e)     Grant declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights; and

(f)     Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 11th day of May, 2010.

BARRETT & FARAHANY, LLP

Meredith J. Carter
Georgia Bar No. 325422
Benjamin F. Barrett
Georgia Bar No. 039586

Attorneys for Shelby Hunt

1401 Peachtree Street, NE
Suite 101
Atlanta, Georgia 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
E-mail: Ben@bf-llp.com and Meredith@bf-llp.com